ON MOTION TO DISMISS SUS-PENSIVE APPEAL
En Banc.
PER CURIAM.
A final judgment was rendered in this matter on February 18, 1970. The judgment was read and signed at Natchitoches, Louisiana, on March 24th, 1970. Thereafter, on April 28, 1970, appellants filed a motion for a suspensive and devolutive appeal and on April 29th, 1970, the trial court signed an order granting a suspensive and devolutive appeal.
Appellees have filed in this court two motions to dismiss the suspensive appeal. The motions are filed by different appel-lees but both urge the same grounds for dismissal. It is urged that the appeal be dismissed on the ground that it was not timely filed under Article 2123 of the Code of Civil Procedures. An opposition has been filed in this court to the motion to dismiss based on an affidavit signed by the attorneys for the appellants stating that they never received notice of the signing of final judgment. The record contains a certificate of the clerk of court stating that a notice of signing of judgment was mailed to the attorneys of record on March 25th, 1970, the day after judgment was signed.
Article 1974, Code of the Civil Procedure, provides that the parties have three days, exclusive of holidays, from the day after notice of judgment is mailed by the clerk of court, or served by the sheriff, to apply for a new trial. Under Article 2123, C.C.P., if no new trial has been applied for within the applicable delay, the parties have 15 days from the expiration of the delay for applying for a new trial, within which to perfect a suspensive appeal.
In the instant case, the clerk’s certificate shows that the notice of signing of judgment was mailed to the attorneys of records on March 25th, 1970. This means that the delay for applying for a new trial expired on March 30. Therefore, the delay for filing a suspensive appeal commenced on March 31, 1970, and the last day for filing an appeal bond so as to perfect the apeal was the 15th day thereafter, or April 14, 1970. Since the bond was not filed until May 4th, 1970, then a suspensive appeal Wás not timely perfected and this court is without jurisdiction to entertain a suspen-sive appeal.
The order granting the appeal in the instant case recited that the mover was granted both a suspensive and a devolutive appeal from the final judgment. Since we have determined that a suspensive appeal cannot be maintained in the instant case, this court will none the less, entertain the appeal as a devolutive appeal, since the bond was filed within the proper delay for the devolutive appeal.
For the reasons assigned the suspensive appeal in the instant case is dismissed, but the devolutive appeal is maintained.
Suspensive appeal dismissed.